## UNITED ZINC SMELTING CORPORATION v. WISE et al.

No. 32710. April 29, 1947.

*180 P. 2d 169.*

A. L. Commons, of Miami, for petitioner.

J. J. Smith, of Miami, Ruark & Ruark, of Neosho, Mo., and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought in this court by United Zinc Smelting Corporation, own risk carrier, hereinafter referred to as petitioner, to review an award of the State Industrial Commission awarding compensation to respondent, Dalbert Wise.

Respondent in due time filed his first notice of injury and claim for compensation, in which it is stated that on March 30, 1944, while in the employ of petitioner, he sustained severe injuries to his right foot and back.

The case was assigned to a trial commissioner for hearing, who found that on March 30, 1944, respondent, while in the employ of petitioner, sustained an accidental injury arising out of and in the course of his employment consisting of an injury to his back and right foot; that as a result of said injury respondent has sustained 25 per cent permanent partial disability to his right foot, and as a further result of said injury he has sustained a 10 per cent permanent partial disability to his back constituting 10 per cent of a total permanent disability to the body as a whole. Upon these findings an order was entered awarding respondent compensation in the sum of $675, or 37½ weeks at the rate of $18 per week, by reason of the permanent partial disability to his right foot, and the further sum of $900, or 50 weeks at the rate of $18 per week, by reason of his 10 per cent permanent partial disability to the back, or a 10 per cent of a permanent total disability to the body as a whole, and awarded him a total amount of compensation for both injuries in the sum of $1,575.

The findings and award of the trial commissioner were sustained on appeal to the commission en banc.

It is contended that the finding of the commission that respondent by reason of the accidental injury sustained a 25 per cent permanent partial disability to his right foot is not sustained by the evidence. It is asserted that the evidence does not justify a finding in this respect in excess of 20 per cent permanent partial disability to the foot.

Respondent testified that on March 30, 1944, while in the employ of the petitioner and engaged in working about its mine, he was struck by a falling boulder causing severe injury to his back and right foot; that since such time he has been unable to perform manual labor; that immediately after the accident he was taken to the hospital at Picher, Okla., where he was treated for about two months, when, upon his request and the request of his father, he was moved to Craine, Mo., where he was further treated by Dr. Kerr.

The expert witnesses all agree that respondent as the result of the accidental injury sustained some permanent disability to his right foot. The only controversy in this respect is as to the extent of such disability. Their testimony in this respect ranges from 15 to 70 per cent. The commission found 25 per cent. This finding is well within and supported by the evidence.

It is further contended that there is no competent evidence upon which to sustain the finding that respondent sustained a 10 per cent permanent partial disability to his back. Dr. Graham, who first examined and treated respondent, and Dr. Kerr, who later treated him, both testified that while respondent complained of injury to his back, they found no permanent injury thereto. Dr. Maness testified that sometime subsequent to the accident he examined respondent and also examined X-rays theretofore taken, and that he found respondent had sustained a permanent disability to his back. He, however, declined to express an opinion as to the extent thereof. Dr. Van Horn testified that upon examination of respondent and X-rays he found an angylosed condition between the fourth and fifth lum-

bar, and the fifth lumbar and the sacrum, and also subluxation of the right sacro-iliac articulation; that the injury, in his opinion, was due to the accident in question; that the injury is permanent, and is disabling from the performance of ordinary manual labor to the extent of 60 per cent. In view of this testimony it cannot be said that there is no competent evidence tending to support the finding an award of the commission in this respect.

Petitioner finally contends that respondent is not entitled to compensation for the reason that the disability, if any, suffered by him is due to his failure to co-operate with and follow the advice of the physician furnished him, rather than to the accidental injury. There is no substantial evidence tending to sustain this contention. The only evidence offered in support thereof consists of a statement signed by respondent the day he left the hospital at Picher in which it is stated that he was leaving the hospital against the advice of his physician; that he was satisfied with the treatment he had received and that his condition had gradually improved while under such treatment. It is further stated:

"I hereby release the United Zinc Smelting Corp. of all responsibility in the event the injury to my foot becomes infected after leaving the hospital, or in case by so leaving it does not get along as well as it otherwise would."

There is no evidence tending to show that respondent's foot became infected after leaving the hospital, nor is there the slightest evidence tending to show that he did not progress as well under the treatment he received after he left the hospital as he would have had he remained at the hospital. The contention of petitioner in this respect is without merit.

Award sustained.

HURST, V.J., DAVISON, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, GIBSON, and ARNOLD, JJ., concur.